IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Alfred Dominick Wright, | ) |
| | ) Cr. No. 3:07-1012 |
| Movant, | ) |
| | ) |
| vs. | ) |
| | ) **ORDER AND OPINION** |
| United States of America, | ) |
| | ) |
| Respondent. | ) |

This matter is before the court on motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence filed by Movant Alfred Dominick Wright on May 2, 2018. Movant contends he received ineffective assistance of counsel and that he was subjected to an unconstitutional search and seizure. Movant seeks to have his conviction vacated and to be given time credit toward any other possible conviction. Respondent United States of America filed a motion to dismiss on June 7, 2018. Also on June 7, 2018, the court issued an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), informing Movant of the dismissal procedures and the consequences of not responding adequately. Movant filed responses on August 8, 2018 and August 13, 2018.

I. FACTS AND PROCEDURAL HISTORY

Movant pleaded guilty on November 27, 2007 to knowingly using and carrying a firearm during and in relation to, and possessing the firearm in furtherance of, a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (Count 1); and possession with intent to distribute 5 grams or more of cocaine base and a quantity of cocaine, in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(B), and 841(b)(1)(C). On April 15, 2008, Movant was sentenced to incarceration for a period of 130 months, consisting of 70 months as to Count 4 and 60 months as to Count 1, to run consecutively,

to be followed by a term of supervised release for 4 years as to each Count, to be served concurrently. On December 5, 2008, an amended judgment was issued pursuant 18 U.S.C. § 3582(c)(2) that reduced Movant's term of incarceration to 117 months, consisting of 57 months as to Count 4 and 60 months as to Count 1, to run consecutively. On February 15, 2012, a second amended judgment was entered pursuant to Fed. R. Crim. P. 35(b) that reduced Movant's sentence to 97 months, consisting of 37 months as to Count 4 and 60 months as to Count 1, to run consecutively. On October 30, 2014, a third amended judgment was entered pursuant to 18 U.S.C. § 3582(c)(2) that reduced Movant's sentence to 78 months, consisting of 18 months as to Count 4 and 60 months as to Count 1, to run consecutively.

Movant was released to supervision on or about November 4, 2014. On December 7, 2017, a warrant was issued for Movant's arrest based on new criminal conduct that would constitute a violation of Movant's supervised release. The new criminal conduct resulted in a federal indictment. See United States v. Wright, Cr. No. 3:17-1202. Movant currently is in custody awaiting sentencing and revocation hearings.

## II. DISCUSSION

Respondent contends that Movant's § 2255 motion is untimely under § 2255(f), which provides:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Movant did not file an appeal of his conviction or sentence. Thus, Movant's judgment became final on or about May 1, 2008, ten days after entry of judgment.[1] See United States v. Osborne, 452 F. App'x 294, 295 (4th Cir. 2011) (citing Clay v. United States, 537 U.S. 522, 532 (2003) (holding that § 2255 motion must be filed within one year from the date on which the criminal judgment becomes final by the conclusion of direct review or expiration of the time for seeking such review)). Movant's limitations period under § 2255(f)(1) expired on May 1, 2009. Movant's § 2255 motion was not filed until May 2, 2018, approximately nine years later.

Movant contends that his limitations period commenced on October 30, 2014, upon entry of an amended judgment under 18 U.S.C. § 3582(c)(2). Even applying the October 30, 2014 date, the time for filing Movant's § 2255 motion expired on November 13, 2015. Thus, unless one of the dates set forth in § 2255(f)(2)-(4) applies, Movant's § 2255 motion is untimely.

Movant contends that he has newly discovered evidence to establish his claims of ineffective assistance of counsel and an illegal search and seizure: first, that his trial counsel has been disbarred after being arrested; and second, that the officer who arrested Movant was himself arrested on criminal charges. Movant indicates that he received this information on March 10, 2018.[2]

Whether a petitioner has exercised due diligence to warrant a belated commencement

---

[1] Ten days excluding weekends and holidays. See Fed. R. App. P. 26(a)(2). The time for filing an appeal was changed to fourteen days in 2009. See Fed. R. Crim. P. 4(b)(1)(A).

[2] The court notes that the events identified by Movant occurred in 2013 and 2011, respectively.

> of the limitation period pursuant to 28 U.S.C. § 2255(f)(4) is a fact-specific inquiry unique to each case. See Wims v. United States, 225 F.3d 186, 190–91 (2d Cir. 2000). A petitioner bears the burden to prove that he or she exercised due diligence. DiCenzi v. Rose, 452 F.3d 465, 471 (6th Cir. 2006). Due diligence "at least require[s] that a prisoner make reasonable efforts to discover the facts supporting his claims." Anjulo–Lopez v. United States, 541 F.3d 814, 818 (8th Cir. 2008) (citing Aron v. United States, 291 F.3d 708, 712 (11th Cir. 2002)). A habeas applicant who "merely alleges that [he or she] did not actually know the facts underlying his or her claim does not" thereby demonstrate due diligence. In re Boshears, 110 F.3d 1538, 1540 (11th Cir. 1997). Rather, to obtain a belated commencement of the limitation period, the applicant must explain why a reasonable investigation would not have unearthed the facts prior to the date on which his conviction became final. See id. at 1540–41 (rejecting petitioner's assertion that he could not have discovered his new Brady claim prior to filing his first § 2254 petition). Moreover, in evaluating a petitioner's diligence, the Court must be mindful that the "statute's clear policy calls for promptness." Johnson v. United States, 544 U.S. 295, 311 (2005).

United States v. Smith, No. 3:10CR210-HEH, 2017 WL 4249632, at *3 (E.D. Va. Sept. 25, 2017).

In this case, Movant's "newly discovered evidence" related to events that occurred years after Movant's criminal proceeding. The court is not inclined to find such events should retroactively apply to extend the limitations period under § 2255(f)(4). Movant's § 2255 motion is untimely.

### III. CONCLUSION

For the reasons stated, Respondent's motion to dismiss (ECF No. 122) is **granted**. Movant's § 2255 motion is **denied and dismissed** without prejudice as untimely.

### IV. CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Rose v. Lee, 252 F.3d 676, 683-84

4

(4th Cir. 2001). The court concludes that Movant has not made the requisite showing for the reasons set forth hereinabove. Accordingly, the court **denies** a certificate of appealability.

    **IT IS SO ORDERED**.

                                            /s/ Margaret B. Seymour
                                            Senior United States District Judge

Columbia, South Carolina

October 28, 2019